**EOD**
12/15/2009

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| MARGAUX WARREN PARK PARTNERS, LTD. | Case No. 08-43388 |
| Debtor. | |
| MARGAUX WARREN PARK PARTNERS, LTD., WARREN 91, LLC, TODAY REALTY ADVISORS, INC., ERIC BRAUSS, DONALD SILVERMAN, | Adversary Case No. 09-04022 |
| Plaintiffs, | |
| v. | |
| GE BUSINESS FINANCIAL SERVICES, INC., f/k/a MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC., | |
| Defendant. | |

## MEMORANDUM OPINION REGARDING
## DEFENDANT GE BUSINESS FINANCIAL SERVICES, INC.'S
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

This matter is before the Court following a hearing on Defendant GE Business Financial Services, Inc., f/k/a Merrill Lynch Business Financial Services, Inc.'s ("Defendant" or "GEBFS") Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Rules 9(b), 12(b)(6) and 12(b)(3) (the "Motion"). Plaintiffs Margaux Warren Park Partners, Ltd., Warren 91, LLC, Today Realty Advisors, Inc., Eric Brauss, and Donald Silverman (collectively, "Plaintiffs") oppose the Motion. Having fully considered the arguments of counsel as well as the pleadings, papers and all other items on file in the above-referenced adversary case, the Court

finds and concludes that the Motion should be granted for the reasons stated on the record at the conclusion of the hearing on September 22, 2009 and set forth more fully in this Memorandum Opinion.

## I. Procedural and Factual Background

Plaintiffs filed their Original Complaint[1] in this Court, seeking relief on twelve (12) tort, fraud, and quasi-contractual causes of action arising out of: (1) a loan agreement (the "Loan Agreement"), in which Plaintiffs sought financing from GEBFS' predecessor to develop a parcel of land in Frisco, Collin County, Texas (the "Property"); and (2) a subsequent negotiating agreement entered into between the Plaintiffs and GEBFS when Plaintiffs were unable to make payments on the Loan Agreement. Plaintiffs' causes of action, while numerous, all relate to allegations that GEBFS misrepresented the terms of the Loan Agreement before entering into the Loan Agreement and subsequently misrepresented its intent to modify or extend the Loan as inducement to collect a forbearance fee. *See* Compl. at ¶¶ 29-54.

GEBFS initially filed a Motion to Dismiss Plaintiffs' Original Complaint, asserting that Plaintiffs failed to state a claim upon which relief can be granted, failed to plead fraud with particularity, and that venue was improper, and alternatively filed a Motion for a More Definite Statement. On July 6, 2009, this Court granted Defendant's Motion for a More Definite Statement and afforded Plaintiffs the opportunity to amend their Original Complaint to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).[2]

Plaintiffs subsequently filed a First Amended Complaint, re-alleging the following eleven (11) causes of action: (1) common law fraud; (2) fraud in the sale of real estate; (3) fraud by

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion and the Defendants' Memorandum in Support of the Motion.

[2] Judge Bill Parker presided over the prior dismissal motion.

nondisclosure; (4) fraud in the inducement; (5) negligent misrepresentation; (6) civil extortion or economic duress; (7) conversion; (8) civil theft; (9) promissory estoppel; (10) assumpsit; and (11) accounting and constructive trust.  Defendant filed the Motion seeking to dismiss all causes of action in the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, dismiss Plaintiffs' fraud and negligent misrepresentation claims under Federal Rule of Civil Procedure 9(b) for failure to plead fraud with particularity, and dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue.  The Court conducted a hearing on the Motion on September 22, 2009.  Based upon this Court's consideration of, *inter alia*, Defendant's Motion, the Plaintiffs' opposition to the Motion, and the arguments of counsel, on October 8, 2009, the Court ruled on the Motion in open court, dismissing all of Plaintiffs' claims for failure to state a claim upon which relief can be granted and dismissing Plaintiffs' claims for common law fraud, fraud in the sale of real estate, fraud by non-disclosure, fraud in the inducement and negligent representation for failure to plead fraud with sufficient particularity.

## II. Jurisdiction and Authority

This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 157(a) and 28 U.S.C. § 1334.  This Court possesses the authority to consider the Motion pursuant to 28 U.S.C. § 157(c)(1) and enter final orders of judgments in this proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A) and (O) or the consent of the parties under 28 U.S.C. § 157(c)(2).

## III. Failure to State a Claim Pursuant to Rule 12(b)(6)

As an initial matter, Plaintiffs' claims for conversion, civil theft or assumpsit were not addressed in Plaintiffs' Response to the Motion.  The Defendant's Rule 12(b)(6) Motion is, therefore, granted with respect to these claims.

With respect to the Plaintiffs' remaining claims, the parties rely upon Texas law in their arguments and, therefore, appear to agree that Texas law applies to the Plaintiffs' claims. The Court specifically adopts all of Defendant's arguments and authorities as set forth, *inter alia*, in the Motion and the Memorandum in Support of the Motion (the "Memorandum") and the Defendant's Reply to Plaintiffs' Response (the "Reply"). Based on these arguments and authorities and the standards set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Court concludes that the Plaintiffs' First Amended Complaint relative to all of Plaintiffs' causes of action fails to state a claim for all the reasons set forth, *inter alia*, in Defendant's Motion, Memorandum and Reply.

Dismissal is appropriate under Rule 12(b)(6) when a plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). While it is generally true that a court should accept well-pleaded facts as true for the purposes of a Rule 12(b)(6) motion, this "tenet . . . is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, a complaint must state a plausible claim for relief, and in so determining a complaint's plausibility, a Court should draw on its experience and common sense. *See id.* (citations omitted). "But where the well-pled facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

## A. Plaintiffs' Tort and Quasi-Contractual Claims

### i. TEXAS BUSINESS & COMMERCE CODE § 26.02

Plaintiffs' tort causes of action fail as a matter of law under TEXAS BUSINESS & COMMERCE CODE § 26.02, which prohibits the variance of written loan agreements by parol evidence or representations. Because Plaintiffs' allegations are essentially oral contracts that

would modify the express terms of the Loan Agreement, which is an agreement for greater than $50,000 that falls under the purview of Section 26.02(a)(2), any tort claims such as Plaintiffs' with a nucleus in an alleged oral contract are barred. *See Foster v. Bank One Texas, N.A.*, 54 Fed. Appx. 592, *3 (5th Cir. 2002) (citing *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 169 (Tex.App.—Austin 1996, no writ)). Plaintiffs' claims that an oral agreement existed to modify the Loan Agreement cannot be considered under Section 26.02(d) because the "rights and obligations of the parties . . . shall be determined solely from the written loan agreement." TEXAS BUSINESS & COMMERCE CODE § 26.02(d). Thus, Plaintiffs' tort claims, including fraud, negligent misrepresentation, civil extortion, and economic duress fail as a matter of law.

### ii. Conversion

A claim of conversion of personal property in the form of money will only survive if the money may be identified as specific chattel, and the personal property alleged to have been converted must be intended to be segregated and delivered for safekeeping in substantially the same form in which it is received or in an intact fund. *See Estate of Townes v. Townes*, 867 S.W.2d 414, 419 (Tex. App.—Tyler 1978, writ ref'd n.r.e.); *Newsome v. Charter Bank Colonial*, 940 S.W.2d 157, 161 (Tex. App.—Houston [14th Dist.] 1996, writ denied). In alleging conversion, however, Plaintiffs have not identified any specific chattel – monetary or otherwise – or an intact fund that GEBFS allegedly converted. Rather, Plaintiffs have generally referred to "funds paid to GE" and exercise of "control over Plaintiffs' assets." Compl. at ¶¶ 43-44. As such, Plaintiffs have not stated a claim for conversion.

### iii. Civil Theft

Plaintiffs have not stated a claim for civil theft because Texas does not recognize a common law cause of action. The Texas Theft Liability Act is inapplicable to Plaintiffs' claim, which fails to identify what property GEBFS allegedly stole. *See* TEX. PRAC. & REM. CODE

ANN. §§ 134.001-134.005. As with Plaintiffs' conversion claim, Plaintiffs' allegations cannot establish that any property or money GEBFS allegedly took was a specific chattel.

### iv. Assumpsit

Plaintiffs' assumpsit claim also fails because Plaintiffs' conclusory allegations do not support a claim that any unjust retention of a benefit has occurred or specifically identify what benefit was retained. *See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools*, 246 S.W.3d 42, 49 (Tex. 2008); *King v. Tubb*, 551 S.W.2d 436, 442 (Tex. Civ. App.—Corpus Christi 1977, no writ). Plaintiffs' allegations identify a specific bargain, wherein each party exchanged and received a mutual benefit – Plaintiffs allege that Defendant received Plaintiffs' forbearance fee and Plaintiffs received forbearance from foreclosure during the agreed upon time period. *See* Compl. at ¶ 23. Plaintiffs' allegations do not support a claim that any benefit was unjustly retained.

### v. Civil Extortion

Plaintiffs fail to state a claim for civil extortion because the cause of action is not recognized under Texas law. To the extent the concept of civil extortion is discussed in prior case law, it is limited to the context of conversion cases related to the collection of processing fees by bail bondsmen. *See Kennedy Ship & Repair, L.P. v. Loc Tran*, 256 F. Supp. 2d 678, 686 (S.D. Tex. 2003) (emphasis added) (citing *Perkins v. Groff*, 936 S.W.2d 661, 667-68 (Tex. App.—Dallas 1996, writ denied) and *Bowles v. Reed*, 913 S.W.2d 652, 658 (Tex. App.—Waco 1995, no writ)). Outside of this narrow, limited context, there exists no legally cognizable claim for civil extortion as pleaded by Plaintiffs, and for the reasons discussed *supra*, Plaintiffs have failed to state a claim for conversion as well.

### vi. Economic Duress

Plaintiffs' pleaded facts do not satisfy the elements of economic duress because Plaintiffs have not alleged that GEBFS ever threatened Plaintiffs, much less threatened to take an action which GEBFS had no legal right to take. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 837 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (citing *Creative Mfg., Inc. v. Unik, Inc.,* 726 S.W.2d 207, 211 (Tex. App.-Fort Worth 1987, writ refd n.r.e.)); *see also Matthews v. Matthews,* 725 S.W.2d 275, 279 (Tex. App.-Houston [1st Dist.] 1986, writ refd n.r.e.) (threatening to do what person has legal right to do cannot form the basis of duress). Even if Plaintiffs had alleged GEBFS threatened to take possession of the Property and/or foreclose on the Property under the terms of the Loan Agreement and Security Agreement, such an action would have been within GEBFS' legal and contractual rights.

### vii. Promissory Estoppel

Plaintiffs' claim for promissory estoppel is invalid because an enforceable contract exists, and that contract bars recovery under this cause of action as a matter of law. *Fertic v. Spencer*, 247 S.W.3d 242, 250 (Tex. App.—El Paso 2007, pet. denied). Plaintiffs allege that GEBFS and Plaintiffs had an express contract both in the form of the Loan Agreement and in the form of a negotiating agreement to negotiate the terms of the Loan Agreement. Because of these two allegedly enforceable contracts, Plaintiffs cannot state a claim for promissory estoppel. Further, Plaintiffs' failure to plead breach of contract does not allow Plaintiffs to assert a claim for promissory estoppel because the mere existence of the contracts precludes the claim. *See* Reply at ¶ 22; Memorandum at ¶¶ 61-63.

### viii. Accounting and Constructive Trust

Plaintiffs' cause of action for an accounting and constructive trust related to the forbearance fee fails to allege the elements necessary to state a claim upon which relief can be

granted. Plaintiffs neither allege that a fiduciary relationship exists nor, as discussed *infra*, state a claim for or sufficiently plead fraud as required for either a constructive trust or an equitable accounting. *See In re Monnig's Dep't Stores*, 929 F.2d 197, 201 (5th Cir. 1991); *Newby v. Enron Corp.*, 188 F. Supp. 2d 684, 706 (S.D. Tex. 2002). Plaintiffs have also failed to allege an identifiable res necessary to support their claim for constructive trust. *Rosenberg v. Collins*, 624 F.2d 659, 663 (5th Cir. 1980). Finally, Plaintiffs' allegations do not show any unjust enrichment, as the forbearance fee was provided in exchange for the forbearance. *In re Monnig's*, 929 F.2d at 201; *Newby*, 188 F. Supp. 2d at 706. As such, Plaintiffs fail to state a claim for an accounting and constructive trust.

## B. Plaintiffs' Fraud and Negligent Misrepresentation Claims

In addition to Plaintiffs' tort and quasi-contractual claims, Plaintiffs also bring claims for (1) common law fraud; (2) fraud in the sale of real estate; (3) fraud by nondisclosure; (4) fraud in the inducement; and (5) negligent misrepresentation. All of Plaintiffs' causes of action for fraud and negligent misrepresentation fail to state a claim upon which relief can be granted. First, Plaintiffs' Response to GEBFS' Motion fails to articulate a coherent fraud claim, at once alleging that GEBFS made its fraudulent and negligent representations prior to entering into the original Loan Agreement while simultaneously arguing that the merger clause is ineffective because the "fraudulent representations at issue" were made subsequent to the original Loan Agreement. *See* Response at ¶¶ 7, 15. Thus, it is unclear from Plaintiffs' First Amended Complaint and Response what representations Plaintiffs allege are at issue and entitle them to relief.

### i. Merger Clause

Contradictions in Plaintiffs' briefing notwithstanding, Plaintiffs fail to state a claim based on any alleged misrepresentations, whether made prior to or after the Loan Agreement. The

existence of merger clauses both in the Loan Agreement and in the negotiating agreement bars all of Plaintiffs' fraud claims as a matter of law. Compl., Ex. A, art. 11.12, p.33; Compl., Ex. F at ¶¶ 1-2, 11. The merger clause in the Loan Agreement bars claims arising from any representations alleged to have been made regarding the execution of the Loan Agreement, including Plaintiffs' fraudulent inducement claim, by negating the necessary element of reliance. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 179 (Tex. 1997); *Ikon Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113, 126-28 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

In their Response, Plaintiffs argue that because they allege that representations were made subsequent to the Loan Agreement and because part of their allegations pertain to Defendant's intent to perform the forbearance, the merger clause would not bar claims arising out of subsequent representations or representations related to the negotiating agreement. *See* Response at ¶ 15. As set forth in Defendant's Memorandum and Reply, however, the merger clause in the Loan Agreement also bars claims arising from any representations made subsequent to the execution of the Loan Agreement, and the existence of a merger clause in the negotiating agreement likewise barred any claims arising from representations related to the negotiations. Memorandum at ¶¶ 24-27; Reply at ¶¶ 15-17.

These merger clauses are effective to bar all of Plaintiffs' fraud claims because they were clear and unequivocal expressions of intent by two sophisticated and knowledgeable parties, represented by counsel and dealing at arms length, to disclaim reliance on such alleged representations beyond the terms of the Loan Agreement the negotiating agreement. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008); *see also Schlumberger*, 959 S.W.2d at 180; *Armstrong v. American Home Shield Corp.*, 333 F.3d 566, 571 (5th Cir. 2003).

### ii. Negligent Misrepresentation

Even absent the merger clause, Plaintiffs' claims of negligent representation for alleged misrepresentations occurring after entering into the written Loan Agreement do not allege facts that establish the elements of that cause of action, which require a showing that Defendant did not exercise reasonable care and proof of justifiable reliance. *See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005) (citations omitted).

### iii. Fraud in the Sale of Real Estate

Plaintiffs specifically fail to state a claim for fraud in the sale of real estate under TEXAS COMMERCE & BUSINESS CODE § 27.01 because such a cause of action does not exist between mortgagors and mortgagees. *Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 856 (N.D. Tex. 2006) (citing *Grant-Brooks v. Wilshire Credit Corp.,* No. 3:02-CV-2455-A, 2004 WL 1194462 *4-5 (N.D. Tex. 2004)); *Texas Commerce Bank Reagan v. Lebco Constrs., Inc.*, 865 S.W.2d 68, 82 (Tex. App.—Corpus Christi 1993, writ denied), *overruled on other grounds by Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530 (Tex. 1998). Rather, "Section 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock. A loan transaction, even if secured by land, is not considered to come under the same statute." *Marketic*, 436 F. Supp. 2d at 856. Plaintiffs have not cited any supporting authority for their contention that a mortgage lender can be liable for fraud in the sale of real estate, yet they ask this Court to take a position contrary to the existing precedent on point. *See* Response at ¶ 9. This Court is persuaded by the holding in *Marketic* and so declines to expand construction of Section 27.01 as Plaintiffs request. As such, Plaintiffs cannot state a claim for fraud in the sale of real estate.

### iv.     Fraud by Non-disclosure

Plaintiffs fail to state a claim for fraud by non-disclosure because no duty to disclose exists absent a fiduciary or confidential relationship, and the parties – as Plaintiffs pleaded – had no such relationship. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001). Further, while Plaintiffs have identified the rule that a partial disclosure may give rise to a duty to make full disclosure even absent a fiduciary relationship, Plaintiffs have not alleged facts supporting such a partial disclosure or creation of such a duty. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 490 F. Supp. 2d 784, 822 (S.D. Tex. 2007); *see also Solutioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.*, 237 S.W.3d 379, 385 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Also, the existing contract attached to Plaintiffs' First Amended Complaint clearly and unambiguously disclosed the parties' promises and obligations.

As such, all of Plaintiffs' causes of action fail to state a claim upon which relief can be granted under Rule 12(b)(6) and are thereby DISMISSED with PREJUDICE.

### IV. Failure to Plead Fraud with Particularity Pursuant to Rule 9(b)

The Court also concludes that Plaintiffs independently fail to plead fraud or negligent misrepresentation with sufficient particularity under the heightened pleading standard of Rule 9(b). Rule 9(b) requires a plaintiff alleging fraud to "plead with particularity the circumstances constituting the alleged fraud." FED. R. CIV. P. 9(b). The same pleading standard also applies to claims of negligent misrepresentation where, as here, the negligent misrepresentation claims are so intertwined with the fraud claims that it is impossible to describe a redaction that would remove the fraud claims while leaving behind a viable negligent misrepresentation claim. *Am. Realty Trust, Inc. v. Am. Realty Investors, Inc.*, 362 F. Supp. 2d 744, 752 (N.D. Tex. 2005). To satisfy Rule 9(b), fraud allegations must: (1) identify the speaker of the allegedly fraudulent statement or omission; (2) indicate the time and location of the statement or omission; and (3)

explain why the statement or omission was fraudulent. *See Nathenson v. Zonagen, Inc.*, 267 F.3d 400, 412 (5th Cir. 2001). The particularity requirement of Rule 9(b) is akin to "the essentials of the first paragraph of any newspaper story, namely the who, what, when, where and how." *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994) (citations omitted).

After Defendant filed its initial Motion to Dismiss pursuant to Rule 9(b), Plaintiffs were given an opportunity to replead, and they filed a First Amended Complaint. The First Amended Complaint is still insufficient under the standards of Rule 9(b), as Plaintiffs have not set forth specific facts regarding the "who, what, when, where and how" regarding any alleged misrepresentations. *Melder*, 27 F.3d at 1100 n.5 (citations omitted).

Plaintiffs have identified two individuals, William Ballent and John Petrovsky, as individuals who allegedly made representations around time of the Loan Agreement. Plaintiffs have additionally alleged that the "GE Bankers" made representations regarding the modification of the loan. *See* Compl. at ¶¶ 11, 15, 20, 23; Memorandum at ¶¶ 31-33. Plaintiffs, however, have not identified how these individuals misrepresented or concealed information, or specified when and where these representations occurred. *See* Compl. at ¶¶ 30-31; Memorandum at ¶ 34. Further, Plaintiffs' rote, conclusory allegations that the individuals "knew that the misrepresentations were false and the omissions material" or that "they made said misrepresentations or omissions recklessly" fail to meet the heightened pleading standard and do not support an inference of fraudulent intent under Rule 9(b). *See* Compl. ¶ 31; *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1019 (5th Cir. 1996) (citing *Melder*, 27 F.3d at 1104).

As such, Plaintiffs' claims for common law fraud, fraud in the sale of real estate, fraud by non-disclosure, fraud in the inducement and negligent misrepresentation independently fail to

plead fraud with sufficient particularity under Rule 9(b) and are thereby DISMISSED with PREJUDICE.

## V. Venue

Defendant's Motion included a Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3). Venue in this case is proper under 28 U.S.C. § 1409(a) but could be transferred pursuant to Motion to Transfer Venue pursuant to 28 U.S.C. § 1406, based upon a forum selection clause and the first to file rule, in light of an already pending action on the parties' Guaranty in the Northern District of Illinois, Chicago Division. Prior to the Court's September 22, 2009 hearing, the parties agreed to transfer venue to the United States District Court in the Northern District of Illinois if and when any of Plaintiffs' claims survived the Motion. Accordingly, the Court declines to address the issue of whether to transfer venue in this Memorandum Opinion.

## CONCLUSION

The Court will enter a separate Order consisted with this Memorandum Opinion.

Signed on 12/15/2009

*Brenda T. Rhoades* SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE